## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### CHARLESTON DIVISION

JENNIFER CHAPMAN, *as Administratrix*
*of the Estate of Gary Chapman*,

                    Plaintiff,

v.                                        CIVIL ACTION NO.  2:25-cv-00079

MINGO LOGAN COAL LLC,

                    Defendant.


### MEMORANDUM OPINION AND ORDER


The Court has reviewed the *Civil Complaint* (Document 1), *Defendant Mingo Logan Coal LLC's Motion to Dismiss* (Document 9), the *Memorandum of Law Supporting Defendant's Motion to Dismiss* (Document 10), the *Plaintiff's Response in Opposition to Defendant Mingo Logan Coal, LLC's Motion to Dismiss* (Document 12), and the *Reply Brief Supporting Defendant's Motion to Dismiss* (Document 13).   For the reasons stated herein, the Court finds that the motion to dismiss should be granted in part and denied in part.


### FACTUAL ALLEGATIONS

The Plaintiff, Jennifer Chapman, as Administratrix of the Estate of Gary Chapman, initiated this case by filing the complaint on February 7, 2025.  Ms. Chapman's late husband, Gary Chapman, was employed by the Defendant, Mingo Logan Coal, LLC, at an underground mine in Mingo and/or Logan County, West Virginia.

On September 6, 2024, despite adverse roof conditions around the No. 8 Entry of the mine, Mr. Chapman's foreman instructed him to operate a continuous mining machine to "mine a stump from the 7 Right Crosscut across the No. 8 Entry into the 8 Right Crosscut." (Compl. at ¶ 13.) Mining the stump required extended cuts, which increased the risks associated with adverse roof conditions. The Roof Control Plan approved by the Mine Safety and Health Administration (MSHA) "prohibited taking extended cuts in areas experiencing adverse roof conditions." (*Id.* at ¶19.) "By instructing Mr. Chapman to operate a [continuous mining machine] in such a manner, Mr. Chapman's foreman intentionally exposed Mr. Chapman to a specific unsafe working condition – namely, adverse roof conditions." (*Id.* at ¶ 21.) Prior to September 6, 2024, multiple accidents involving roof falls had occurred in the mine, and the Defendant was aware of those accidents.

After taking an extended cut, Mr. Chapman was hit by falling rock from the mine roof. He was pronounced dead after being taken to the hospital by ambulance. He is survived by Mrs. Chapman and seven children.

The Plaintiff alleges Deliberate Intent pursuant to W. Va. Code §23-4-2(d)(2)(B) in Count One, asserting that Mingo Logan Coal "had actual knowledge of the existence of the specific unsafe working conditions and of the high degree of risk and the strong probability of serious injury or death presented by the unsafe working conditions to its coal miners, specifically including Mr. Chapman," that the unsafe conditions violated regulations and safety standards, and that Mingo Logan Coal intentionally exposed Mr. Chapman to those unsafe conditions. (*Id.* at ¶¶ 30-33.) In Count Two, the Plaintiff alleges Deliberate Intention pursuant to W. Va. Code § 23-4-2(d)(2)(A), asserting that by directing Mr. Chapman to take an extended cut in an area with

documented adverse roof conditions, the Defendant "acted with a conscious, subjective and deliberate formed intention to do so and with an actual and/or specific knowledge that doing so would produce serious injury or death."   (*Id.* at ¶ 37.)

## STANDARD OF REVIEW

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted tests the legal sufficiency of a complaint or pleading.  *Francis v. Giacomelli,* 588 F.3d 186, 192 (4th Cir. 2009); *Giarratano v. Johnson,* 521 F.3d 298, 302 (4th Cir. 2008).   Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).   Additionally, allegations "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).

"[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 555 (2007)).   In other words, "a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."   *Twombly*, 550 U.S. at 555.   Moreover, "a complaint [will not] suffice if it tenders naked assertions devoid of further factual enhancements."   *Iqbal,* 556 U.S. at 678 (*quoting Twombly,* 550 U.S. at 557) (internal quotation marks omitted).

The Court must "accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007).   The Court must also "draw[ ] all reasonable factual inferences from those facts in the plaintiff's favor."   *Edwards v. City of Goldsboro*, 178 F.3d 231,

3

244 (4th Cir. 1999). However, statements of bare legal conclusions "are not entitled to the assumption of truth" and are insufficient to state a claim. *Iqbal,* 556 U.S. at 679. Furthermore, the court need not "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., v. J.D. Assocs. Ltd. P'ship,* 213 F.3d 175, 180 (4th Cir. 2000). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice . . . [because courts] 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 555).

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 570). In other words, this "plausibility standard requires a plaintiff to demonstrate more than 'a sheer possibility that a defendant has acted unlawfully.'" *Francis,* 588 F.3d at 193 (quoting *Twombly,* 550 U.S. at 570). A plaintiff must, using the complaint, "articulate facts, when accepted as true, that 'show' that the plaintiff has stated a claim entitling him to relief." *Francis,* 588 F.3d at 193 (quoting *Twombly,* 550 U.S. at 557). "Determining whether a complaint states [on its face] a plausible claim for relief [which can survive a motion to dismiss] will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal,* 556 U.S. at 679.

## DISCUSSION

The Defendant argues that the Plaintiff failed to state a claim as to either Count One or Count Two. It notes that employers who participate in the worker's compensation system are generally immune from liability for workplace injuries and deaths, with limited avenues for loss of that immunity. It asserts that the Plaintiff "failed to comply with the procedural requirement

4

of filing a verified statement with her Complaint, which means she has failed to adequately plead a claim" under W. Va. Code § 23-4-2(d)(2)(B). (Def.'s Mem. at 5.) It argues that the requirement in the West Virginia Code regarding submission of a verified statement from a workplace safety expert with a deliberate intention complaint is substantive, rather than procedural, and applies in federal court. The Defendant further contends that the complaint does not contain factual allegations sufficient to support a claim that Mingo Logan actually intended to injure or kill Mr. Chapman, as required for a claim pursuant to W. Va. Code § 23-4-2(d)(2)(A) as to Count Two.[1]

The Plaintiff argues that the statutory provision requiring a verified statement from a workplace safety expert to be served with a deliberate intent complaint is "a specialized state-law pleading requirement that conflicts with the requirements of the Federal Rules of Civil Procedure," similar to another West Virginia provision requiring a pre-suit screening certificate of merit for medical malpractice cases, which the Fourth Circuit found inapplicable in federal court. (Pl.'s Resp. at 4.) Therefore, the Plaintiff contends that the verified statement is not required in federal court. The Plaintiff further argues that her allegations are sufficient to support an inference that the foreman who directed Mr. Chapman to make extended cuts in an area known to be particularly dangerous wanted Mr. Chapman to be injured or killed. Should the Court dismiss any claim, the Plaintiff indicates that she may seek leave to amend.

---

1 The Defendant also argues, in a footnote, that the Plaintiff failed to allege that a claim for worker's compensation benefits was brought, as generally required by W. Va. Code § 23-4-2(c). The Plaintiff indicates in her response that the Defendant is currently paying Workers' Compensation Death Benefits. Given the Defendant's awareness of benefit claims, the Court finds that the failure to specifically allege the claims in the complaint is not grounds for dismissal, to the extent the Defendant intended to assert it as such.

West Virginia's Workers' Compensation Statute provides broad immunity to employers from lawsuits brought by employees based on workplace injuries or death. W. Va. Code 23-2-6. The available benefits under the statute, in turn, "supplant common law remedies, making an employer in compliance with the Act immune from common law liability to its employees for negligently causing injuries." *United Financial Casualty Company v. Ball*, 941 F.3d 710, 714 (4th Cir. 2019). This general immunity from suit "is not easily lost." *Roney v. Gencorp*, 431 F.Supp.2d 622, 627 (S.D. W. Va. 2006). Under the statute, an employer may only lose this immunity, in full or in part, in two ways: (1) defaulting on payments or otherwise failing to comply with the provisions of the act, *see* W. Va. Code §§ 23-2-6, 23-2-8, or (2) if the injury stems from the "deliberate intention" of the employer. *See* W. Va. Code § 23-4-2(c). Absent these exceptions, an employee's exclusive remedy for a workplace injury is through the Workers' Compensation fund. *See Young v. Apogee Coal Co., LLC*, 753 S.E.2d 52, 55 (W. Va. 2013).

A. *Count One*

Count One alleges deliberate intent pursuant to W. Va. Code §23-4-2(d)(2)(B). Under that provision, plaintiffs must put forth facts to establish the following factors:

> (i) That a specific unsafe working condition existed in the workplace which presented a high degree of risk and a strong probability of serious injury or death;
> (ii) That the employer, prior to the injury, had actual knowledge of the existence of the specific unsafe working condition and of the high degree of risk and the strong probability of serious injury or death presented by the specific unsafe working condition.
> (iii) That the specific unsafe working condition was a violation of a state or federal safety statute, rule or regulation, whether cited or not, or of a commonly accepted and well-known safety standard within the industry or business of the employer.
> (iv) That notwithstanding the existence of the facts set forth in subparagraphs (i) through (iii), inclusive, of this paragraph, the person or persons alleged to have actual knowledge under

6

> subparagraph (ii) nevertheless intentionally thereafter exposed an employee to the specific unsafe working condition; and
> (v) That the employee exposed suffered serious compensable injury or compensable death as defined in section one, article four, chapter twenty-three as a direct and proximate result of the specific unsafe working condition.

W. Va. Code Ann. § 23-4-2(d)(2)(B)(i)-(v).

The specific provision at the core of the Defendant's motion to dismiss Count One is W.Va.

Code § 23-4-2(d)(2)(C)(i), which requires that:

> The employee, the employee's guardian or conservator, or the representative of the employee's estate shall serve with the complaint a verified statement from a person with knowledge and expertise of the workplace safety statutes, rules, regulations and consensus industry safety standards specifically applicable to the industry and workplace involved in the employee's injury, setting forth opinions and information on:
>
> (I) The person's knowledge and expertise of the applicable workplace safety statutes, rules, regulations and/or written consensus industry safety standards;
>
> (II) The specific unsafe working condition(s) that were the cause of the injury that is the basis of the complaint; and
>
> (III) The specific statutes, rules, regulations or written consensus industry safety standards violated by the employer that are directly related to the specific unsafe working conditions: *Provided, however,* That this verified statement shall not be admissible at the trial of the action and the Court, pursuant to the Rules of Evidence, common law and subclause two-c, subparagraph (iii), paragraph (B), subdivision (2), subsection (d), section two, article four, chapter twenty-three of this code, retains responsibility to determine and interpret the applicable law and admissibility of expert opinions.

There is no dispute that the Plaintiff did not serve a verified statement by a workplace safety expert with her complaint.

7

"[T]he Federal Rules of Civil Procedure generally govern all civil actions in federal court." *Pledger v. Lynch*, 5 F.4th 511, 518 (4th Cir. 2021). Courts considering whether a state rule is applicable in federal court must "first determine whether [the Federal Rules of Civil Procedure] answer[] the question in dispute." *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 398 (2010). If so, the federal rule governs "unless it exceeds statutory authorization or Congress's rulemaking power." *Id.* If the federal and state rules "answer different questions," they "can be reconciled" and do not conflict. *Id.* at 410. In *Shady Grove*, the Supreme Court found that a New York law barring class actions seeking statutory penalties conflicted with Rule 23 of the Federal Rules of Civil Procedure because Rule 23 "creates a categorical rule entitling a plaintiff whose suit meets the specified criteria to pursue his claim as a class action." *Id.* at 398-99 (further concluding that Rule 23 was compliant with statutory and Constitutional authority). Thus, a class action that met the requirements of Rule 23 could proceed in federal court, regardless of the state law purporting to impose additional requirements. *Id*.

In 2021, the Fourth Circuit joined "a growing consensus" concluding that state law pre-suit certification requirements "demand[ing] that medical malpractice plaintiffs secure some sort of early support from a qualifying expert" "conflict with and are thus supplanted by the Federal Rules of Civil Procedure." *Pledger*, 5 F.4th at 518. The Fourth Circuit explained that "Rule 8 of the Federal Rules of Civil Procedure requires only a 'short and plain statement' of a plaintiff's claim," a "jurisdictional statement and an explanation of the relief sought." *Id*. at 519. Because West Virginia's Medical Professional Liability Act (MPLA) also required service of "a certification attesting to the merit of that claim," the Fourth Circuit concluded that it conflicted with Rule 8. *Id*. (further finding conflicts with Rules 9, 11, and 12, and with Rule 4 to the extent

8

the certification could be construed as a service requirement).   In concluding that the MPLA is a procedural rule, the Fourth Circuit noted that "West Virginia law specifically precludes the use of certificates at trial, so that they play no role in the actual adjudication of medical malpractice claims."   *Id.* at 523 (explaining that the scope of liability is not altered by the certificate requirement because state law supplies the rules of decision).

The Court finds that the reasoning of *Shady Grove* and *Pledger* governs the outcome here. The Federal Rules of Civil Procedure establish what a plaintiff must do to properly serve a lawsuit and what a plaintiff must allege to state a claim and avoid dismissal.   The West Virginia provision imposing an additional requirement in deliberate intent actions is in conflict with Rules 4, 8, and 12.   This case exemplifies that conflict.   The Plaintiff has alleged all elements of a claim under W. Va. Code § 23-4-2(d)(2)(B), including detailing the specific unsafe working condition and the specific safety rules, regulations, or standards the Defendant allegedly violated.   Those allegations meet the pleading standard established in Rule 8.   In addition, like the MPLA at issue in *Pledger*, the verified statement for deliberate intent actions "shall not be admissible at the trial of the action and the Court…retains responsibility to determine and interpret the applicable law and admissibility of expert opinions."   W. Va. Code. § 23-4-2(d)(2)(C)(i)(III).

The Defendant seeks to distinguish *Pledger* because the Plaintiff's claim is statutory rather than based in common law and because it addressed a pre-suit service requirement rather than a verified statement to be served with a complaint.   However, federal pleading and procedural standards do not turn on whether a cause of action is derived from common law or statute.   And *Pledger* specifically addressed, and rejected, the potential distinction between a pre-suit service requirement and state laws requiring similar documents to be served with a suit.   *Pledger*, 5 F.4th

at 521-22 (rejecting an argument by the defendant that the MPLA avoided conflict with Rule 8 because the certificate was not required to be included with a court filing).

The Defendant does not contend that Count One would be subject to dismissal under the Federal Rules, absent the additional verified statement requirement in W. Va. Code § 23-4-2(d)(2)(C).  Thus – as in both *Shady Grove* and *Pledger* – the Federal Rules answer the question of what is required to initiate a lawsuit, and imposition of additional procedural requirements conflicts with the scheme of the Federal Rules of Civil Procedure.  There is no assertion that the Federal Rules at issue are inapplicable or invalid.  Therefore, the motion to dismiss should be denied as to Count One.[2]

### B.  Count Two

Count Two alleges deliberate intent pursuant to W. Va. Code § 23-4-2(d)(2)(A).  That provision requires a plaintiff to prove:

> that the employer or person against whom liability is asserted acted with a consciously, subjectively and deliberately formed intention to produce the specific result of injury or death to an employee. This standard requires a showing of an actual, specific intent and may not be satisfied by allegation or proof of: (i) Conduct which produces a result that was not specifically intended; (ii) conduct which constitutes negligence, no matter how gross or aggravated; or (iii) willful, wanton or reckless misconduct.

W. Va. Code § 23-4-2(d)(2)(A); *see also* Syl. Pt. 3, *Edwards v. Stark*, 880 S.E.2d 881, 883 (W. Va. 2022).  A plaintiff must allege that the defendant intended and desired to "bring about the consequences of the act."  *Edwards v. Stark*, 880 S.E.2d at 887.  The West Virginia Supreme Court has made clear that the factual allegations necessary to support a deliberate intent claim

---

2  The Defendant suggests that the Court should stay this matter pending resolution of a Supreme Court case involving the same issue as *Pledger*.  The Court finds a stay unnecessary.  Should the current binding precedent change during the pendency of this case, any deficiency can likely be resolved with an amendment without an extensive delay.

under the five-factor test are not sufficient to "support an interference that [the defendant] acted with the subjective desire to injure or kill" the employee.  *Id.* at 888.

The Plaintiff has alleged that the Defendant's foreman directed Mr. Chapman to perform dangerous work, in a dangerous manner, in an area of the mine with known dangerous roof conditions, in violation of the Roof Control Plan.  Those allegations align with the elements of the five-factor test.  They do not support an inference that the Defendant or its management employees desired Mr. Chapman's injury or death.  If deliberately exposing an employee to known unsafe working conditions were sufficient to state a claim under § 23-4-2(d)(2)(A), the two methods of proving deliberate intent would be redundant.  The Plaintiff has put forth no factual allegations that would permit a jury to find that the Defendant intended to cause Mr. Chapman's death.  Therefore, the motion to dismiss as to Count Two should be granted.

## CONCLUSION

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that *Defendant Mingo Logan Coal LLC's Motion to Dismiss* (Document 9) be **DENIED** as to Count One and **GRANTED** as to Count Two.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER:      July 22, 2025

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA

11